# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| RICARDO MAISONET MENDEZ,<br>Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DCOMM, INC.<br><br>Defendant. | Case No. 1:22-cv-00490<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(B)**<br><br>**CLASS ACTION PURSUANT TO FED. R. CIV. P. 23** |

## ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff Ricardo Maisonet Mendez ("Mendez" or "Plaintiff"), brings this action individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class Members") who worked for DCOMM, INC. ("DCOMM" or "Defendant"), anywhere in the United States, at any time during the relevant statutes of limitations through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §§ 201, *et seq.*, and Texas common law.

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b) while his Texas state law claims are asserted as a class action under Federal Rule of Civil Procedure 23 ("Rule 23"). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

# I.
# OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and a class action pursuant to the laws of Texas, and FED. R. CIV. P. 23, to recover unpaid straight time wages, and other applicable penalties.

2. Plaintiff and the Putative Class Members are those similarly situated persons who worked for DCOMM, anywhere in the United States, at any time during the relevant statutes of limitations through the final disposition of this matter, and have not been paid for all hours worked nor the proper amount of overtime in violation of state and federal law.

3. Plaintiff and the Putative Class Members routinely worked (and continue to work) in excess of forty (40) hours per week.

4. During the relevant time period, DCOMM has knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked each week on a routine and regular basis.

5. Specifically, DCOMM's regular practice—including during weeks when Plaintiff and the Putative Class Members worked in excess of 40 hours (not counting hours worked "off-the-clock")—was (and is) to automatically deduct a 30-minute meal-period from Plaintiff and the Putative Class Members' daily time even though they regularly worked (and continue to work) "off-the-clock" through their respective meal-period breaks.

6. The effect of DCOMM's practice was (and is) that all time worked by Plaintiff and the Putative Class Members was not (and is not) counted and paid; thus, DCOMM failed to properly compensate Plaintiff and the Putative Class Members for all of their hours worked and resultingly

failed to properly calculate Plaintiff and the Putative Class Members' overtime under the FLSA and Texas State law.

7. DCOMM knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis during the relevant time period.

8. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or Texas common law.

9. Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all damages owed under the Texas class action pursuant to Federal Rule of Civil Procedure 23.

10. Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

11. Plaintiff also prays that the Rule 23 class is certified as defined herein, and that Plaintiff Mendez designated herein be named as the Class Representative for the Texas Class.

## II.
## THE PARTIES

12. Plaintiff Ricardo Maisonet Mendez ("Mendez") was employed by DCOMM in Texas during the relevant time period. Plaintiff Mendez did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

---

[1] The written consent of Ricardo Maisonet Mendez is hereby attached as Exhibit "A."

13. The FLSA Collective Members are those current and former non-exempt Field Technicians who were employed by DCOMM, anywhere in the United States, at any time from May 19, 2019 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Mendez worked and was paid.

14. The Texas Common Law Class Members are those current and former Field Technicians who were employed by DCOMM, anywhere in the State of Texas, at any time from May 19, 2018 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Mendez worked and was paid.

15. Defendant DCOMM, INC. is a domestic for-profit corporation, licensed to and doing business in Texas, and can be served through its registered agent: **Hakan S. Baltaoglu, 501 S. Powell Ln., Ste. 307, Austin, Texas 78753.**

## III.
## JURISDICTION & VENUE

16. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201 *et. seq.*

17. This Court has supplemental jurisdiction over the additional Texas state-law claims pursuant to 28 U.S.C. § 1367.

18. This Court has personal jurisdiction over DCOMM because the cause of action arose within this District as a result of DCOMM's conduct within this District and Division.

19. Venue is proper in the Western District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

20. Specifically, DCOMM's corporate headquarters are located in Austin, Texas, and Plaintiff Mendez worked in Georgetown, Texas throughout his employment with DCOMM, all of which are located within this District and Division.

21. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

# IV.
# ADDITIONAL FACTS

22. DCOMM is a cable installation and service company providing a range of services to the cable and cable products industry across the states of Texas.[2]

23. To provide these services, DCOMM employed (and continues to employ) numerous Field Technicians—including Plaintiff and the Putative Class Members.

24. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work throughout the United States.

25. Plaintiff and the Putative Class Members are (or were) non-exempt Field Technicians employed by DCOMM for the relevant time-periods preceding the filing of this Complaint through the final disposition of this matter.

26. Importantly, none of the FLSA exemptions relieving a covered employer (such as DCOMM) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Class Members.

27. Moreover, Plaintiff and the Putative Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of DCOMM resulting in the complained of FLSA violations.

28. DCOMM has a policy wherein it automatically deducts one 30-minute meal period from Plaintiff and the Putative Class Members' daily time.

29. All Field Technicians, such as Plaintiff and the Putative Class Members, automatically have thirty (30) minutes per day for a meal period deducted from his or her hours worked each workday.

---

[2] https://www.DCOMM.net/about-DCOMM.

30. DCOMM was (and continues to be) aware that Plaintiff and the Putative Class Members regularly worked (and continue to work) through their meal periods without pay in violation of the FLSA.

31. When calculating Plaintiff and the Putative Class Members' hours each workweek, DCOMM deducted (and continue to deduct) thirty minutes from Plaintiff and the Putative Class Members' daily on-the-clock hours, in violation of the FLSA.

32. In other words, for each 5-day workweek, DCOMM deducted (and continue to deduct) two and a half (2.5) hours from each workweek's total "on-the-clock" hours. For a 6-day workweek, DCOMM deducted (and continue to deduct) three (3) hours from each workweek's total "on-the-clock" hours.

33. DCOMM's systematic deduction of the meal periods from Plaintiff and the Putative Class Members' "on-the-clock" time resulted (and continues to result) in Plaintiff and the Putative Class Members working overtime hours for which they were (and are) not compensated at a rate not less than time and one-half as is required by the FLSA.

34. DCOMM's systematic deduction of the meal periods from actual hours worked in excess of forty (40) hours per workweek deprived (and continues to deprive) Plaintiff and the Putative Class Members of the required and proper amount of overtime pay in violation of the FLSA.

35. As a result of DCOMM's failure to compensate Plaintiff and the Putative Class Members for performing work "off-the-clock," Plaintiffs and the Putative Class Members were not compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

36. DCOMM has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

37. DCOMM's failure to compensate Plaintiff and the Putative Class Members for their "off-the-clock" overtime hours violated (and continues to violate) the FLSA.

38. DCOMM knew or should have known that it was miscalculating Plaintiff and the Putative Class Members' regular rates of pay and that the proper amount of overtime compensation was not being paid to Plaintiff and the Putative Class Members in violation of the FLSA.

39. DCOMM knew or should have known that its failure to pay the correct amount of overtime to Plaintiff and Putative Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Class Members.

40. DCOMM knew or should have known that causing and/or requiring Plaintiff and the Putative Class Members to perform necessary work "off-the-clock" would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Class Members.

41. DCOMM actions therefore constitute willful violations under the FLSA and were not made in good faith.

42. Because DCOMM did not pay Plaintiff and the Putative Class Members for all hours worked and time and a half for all hours worked in excess of forty (40) in a workweek, DCOMM's pay policies and practices violate the FLSA.

## V.
## CAUSES OF ACTION

### COUNT ONE
**(Collective Action Alleging FLSA Violations)**

**A. FLSA COVERAGE**

43. Plaintiff incorporates by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

44. The FLSA Collective is defined as:

**ALL CURRENT AND FORMER FIELD TECHNICIANS WHO WORKED FOR DCOMM, INC., ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM MAY 19, 2019 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members").**

45. At all times hereinafter mentioned, DCOMM has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

46. At all times hereinafter mentioned, DCOMM has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

47. At all times hereinafter mentioned, DCOMM has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

48. Specifically, DCOMM operates on interstate highways, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

49. During the respective periods of Plaintiff and the FLSA Collective Members' employment by DCOMM, these individuals provided services for DCOMM that involved interstate commerce for purposes of the FLSA.

50. In performing the operations described hereinabove, Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the

meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

51. Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt Field Technicians who assisted DCOMM's customers throughout the United States. 29 U.S.C. § 203(j).

52. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

53. The proposed class of similarly situated employees, i.e. putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 44.

54. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of DCOMM.

**B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

55. DCOMM has violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206–7, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

56. Moreover, DCOMM knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked. 29 U.S.C. § 255(a).

57. DCOMM is a sophisticated party and employer, and therefore knew (or should have known) their pay policies were in violation of the FLSA.

58. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted DCOMM to pay them according to the law.

59. The decisions and practices by DCOMM to not pay for all hours worked and the proper amount of overtime for all hours worked was neither reasonable nor in good faith.

60. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

### C. COLLECTIVE ACTION ALLEGATIONS

61. All previous paragraphs are incorporated as though fully set forth herein.

62. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of DCOMM's employees who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they have not been paid.

63. Other similarly situated employees of DCOMM have been victimized by DCOMM's patterns, practices, and policies, which are in willful violation of the FLSA.

64. The FLSA Collective Members are defined in Paragraph 44.

65. DCOMM's failure to pay Plaintiff and the FLSA Collective Members for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of DCOMM, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

66. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

67. The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

68. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

69. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

70. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and DCOMM will retain the proceeds of their rampant violations.

71. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

72. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 44 and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of Texas Common Law)

**A. VIOLATIONS OF TEXAS COMMON LAW**

73. All previous paragraphs are incorporated as though fully set forth below.

74. Plaintiff Mendez further brings this action pursuant to the equitable theory of *quantum meruit*. *See Artemis Seafood, Inc. v. Butcher's Choice, Inc.* No. CIV. A. 3:98-0282, 1999 WL 608853, at *3 (N.D. Tex. Aug. 11, 1999) (citing *Schuchart & Assocs. V. Solo Serve Corp.*, 1983 WL 1147, at *23 (W.D. Tex. June 29, 1983)).

75. The Texas Class is defined as:

**ALL CURRENT AND FORMER FIELD TECHNICIANS WHO WORKED FOR DCOMM, INC., ANYWHERE IN THE STATE OF TEXAS, AT ANY TIME FROM MAY 19, 2018 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("Texas Class" or "Texas Class Members").**

76. Plaintiff Mendez and the Texas Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of DCOMM.

77. These claims are independent of Plaintiff Mendez's claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA. *See Carman v. Meritage Homes Corp.*, 37 F. Supp. 3d 860, 867 (S.D. Tex. 2014).

78. Plaintiff Mendez and the Texas Class Members provided valuable services for DCOMM, at DCOMM's direction and with DCOMM's acquiescence.

79. DCOMM accepted Plaintiff Mendez and the Texas Class Members' services and benefited from Plaintiff Mendez's timely dedication to DCOMM's customers.

80. DCOMM was aware that Plaintiff Mendez and the Texas Class Members expected to be compensated for the services they provided to DCOMM.

81. DCOMM has therefore benefited from services rendered by the Plaintiff Mendez and the Texas Class Members and they are entitled to recover pursuant to the equitable theory of *quantum meruit*.

**B.  TEXAS COMMON LAW CLASS ALLEGATIONS**

82. The Texas Common Law Plaintiffs bring their Texas Common Law Claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by DCOMM to work in Texas since May 19, 2018. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051.

83. Class action treatment of the Texas Common Law Class Members is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

84. The number of Texas Common Law Class Members is so numerous that joinder of all class members is impracticable.

85. Plaintiff Mendez is a member of the Texas Common Law Class, his claims are typical of the claims of the Texas Class Members, and he has no interests that are antagonistic to or in conflict with the interests of the Texas Class Members.

86. Plaintiff Mendez and his counsel will fairly and adequately represent the Texas Class Members and their interests.

87. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

88. Accordingly, the Texas Common Law Class should be certified as defined in Paragraph 75.

## VI.
## RELIEF SOUGHT

89. Plaintiff respectfully prays for judgment against DCOMM as follows:

    a. For an Order certifying the FLSA Collective as defined in Paragraph 44 and requiring DCOMM to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

    b. For an Order certifying the Texas Class as defined in Paragraph 75, and designating Plaintiff Mendez as Class Representative of the Texas Class;

    c. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

    d. For an Order pursuant to Section 16(b) of the FLSA finding DCOMM liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the

suit), civil penalties, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

   e. For an Order pursuant to Texas Common-Law awarding Plaintiff Mendez and the Texas Class Members unpaid wages and other damages allowed by law;

   f. For an Order awarding the costs and expenses of this action;

   g. For an Order awarding attorneys' fees;

   h. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

   i. For an Order awarding Plaintiff Mendez a service award as permitted by law;

   j. For an Order compelling the accounting of the books and records of DCOMM, at DCOMM's expense; and

   k. For an Order granting such other and further relief as may be necessary and appropriate.

Date: May 19, 2022     Respectfully submitted,

            **ANDERSON ALEXANDER, PLLC**

       By: /s/ *Clif Alexander*
         **Clif Alexander**
         Texas Bar No. 24064805
         clif@a2xlaw.com
         **Austin W. Anderson**
         Texas Bar No. 24045189
         austin@a2xlaw.com
         **Lauren E. Braddy**
         Texas Bar No. 24071993
         lauren@a2xlaw.com
         **Alan Clifton Gordon**
         Texas Bar No. 00793838
         cgordon@a2xlaw.com
         **Carter T. Hastings**
         Texas Bar No. 24101879
         carter@a2xlaw.com
         819 N. Upper Broadway

Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Counsel for Plaintiff and the Putative Collective/Class Members***